IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER GRAY and
DONNA GRAY

   Plaintiffs,

-VS-

BANK OF AMERICA, N.A.

   Defendant.
_____/

CASE NO.: **CA 17- 353**

DEMAND FOR JURY TRIAL

## COMPLAINT

COME NOW Plaintiffs, CHRISTOPHER GRAY ("Christopher") and DONNA GRAY ("Donna"), by and through the undersigned counsel, and sues Defendant, BANK OF AMERICA, N.A, ("Bank of America") and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### INTRODUCTION

1. The TCPA was enacted to prevent companies like BANK OF AMERICA from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their

1

political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Kent County, Rhode Island. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiffs are natural persons, and citizens of the State of Rhode Island, residing in Warwick, Kent County, Rhode Island.

10. Plaintiffs are the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant is a corporation and national association with its principal place of business located at 100 North Tryon Street, Charlotte, NC 28255, and which conducts business in the State of Rhode Island.

12. Plaintiff, Christopher, is the subscriber, regular user and carrier of the cellular telephone number (401) \*\*\*-0254, and Plaintiff, Donna, is the subscriber, regular user and carrier of the cellular telephone number (401) \*\*\*-6806; thus, were the called party and recipient of Defendant's calls.

13. Defendant placed an exorbitant number of automated calls to Plaintiff, Christopher, cellular telephone (401) \*\*\*-0254, and to Plaintiff, Donna, cellular telephone (401) \*\*\*-6806 in an attempt to collect on a mortgage loan.

14. On several occasions over the last four (4) years, Plaintiffs instructed Defendant's agent(s) to stop calling her cellular telephone.

15. Upon receipt of the calls from Defendant, Plaintiffs' caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (800) 669-0102, (877) 487-8154, (877) 487-8151, (800) 451-6360, and (877) 487-8185, and when those numbers are called, a pre-recorded message answers "Thank you for calling Bank of America. Para

Español, por favor oprima el uno. We are a debt collector. Your call may be monitored or recorded for quality assurance...."

16.     Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiffs will testify that they knew it was an autodialer because of the vast number of calls they received, and because when they answered a call from the Defendant, they would hear an extended pause before a representative would come on the line.

17.     None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

18.     In or around March of 2016, Plaintiff, Donna, answered a call from Defendant to her aforementioned cellular telephone number, met with an extended pause, held the line and was eventually connected to a live representative, and informed an agent/representative of Defendant that she was aware of her mortgage obligation, and demanded that they cease calling her aforementioned cellular telephone number.

19.     During the aforementioned phone call with Defendant in or around March of 2016, Plaintiffs unequivocally revoked any express consent Defendant had for placement of telephone calls to Plaintiffs' aforementioned cellular telephone numbers by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20.     Each subsequent call the Defendant made to the Plaintiffs' aforementioned cellular telephone numbers was done so without the "express consent" of the Plaintiffs.

21. Each subsequent call the Defendant made to the Plaintiffs' aforementioned cellular telephone numbers was knowing and willful.

22. Further, on or about May 5, 2017, Plaintiffs mailed, as well as faxed, a Cease and Desist letter to Defendant, demanding that they cease calling each of Plaintiffs' aforementioned cellular telephone numbers.

23. Moreover, in or around May of 2017, Plaintiff, Donna, answered a call from Defendant to her aforementioned cellular telephone number, met with an extended pause, held the line and was eventually connected to a live representative, and informed an agent/representative of Defendant that the calls to her cellular phone were harassing, and again demanded that they cease calling her aforementioned cellular telephone number.

24. Additionally, in or around June of 2017, due to continued automated calls to his aforementioned cellular telephone number from the Defendant, Plaintiff, Christopher, answered a call from Defendant, met with an extended pause, held the line and was eventually connected to a live representative, and informed the agent/representative of Defendant that he had previously informed them not to call his cellular phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

25. Again, in or around July of 2017, as a last attempt, Plaintiff, Donna, sent a text message to Defendant, stating that the constant calls to her cellular phone were harassing, and demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiffs despite the Plaintiffs' revoking any express consent the Defendant may have had to call their aforementioned cellular telephone number.

27. On at least three (3) separate occasions, Plaintiffs have answered a call from Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to their aforementioned cellular telephone numbers.

28. The Plaintiffs' repeated requests for the harassment to end were ignored.

29. Defendant has placed approximately two-hundred (200) calls to Plaintiffs' aforementioned cellular telephone number. Due to the volume and time period over which Plaintiffs received automated calls, Plaintiffs were not able to properly catalogue each and every call received from Defendant; thus, the exact number of calls will be established after a thorough review of Defendant's records.

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as it did to the Plaintiffs' cellular telephones in this case.

31. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiffs' cellular telephones in this case, with no way for the consumer, or Defendant, to remove the number.

32. Defendant's corporate policy is structured so as to continue to call individuals like, Plaintiffs; despite these individuals explaining to Defendant they wish for the calls to stop.

33. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

34. Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

35. Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

36. Defendant's corporate policy provided no means for the Plaintiffs to have their numbers removed from the call list.

37. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

38. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiffs.

39. From each and every call placed without express consent by Defendant to Plaintiffs' cell phones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

40. From each and every call without express consent placed by Defendant to Plaintiffs' cell phones, Plaintiffs suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

41. From each and every call placed without express consent by Defendant to Plaintiffs' cell phone, Plaintiffs suffered the injury of unnecessary expenditure of her time. Plaintiffs had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiffs cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by Defendant to Plaintiffs' cell phone was an injury in the form of a nuisance and annoyance to the Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to deal with missed call notifications and call logs that reflected

the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by Defendant to Plaintiffs cell phone resulted in the injury of unnecessary expenditure of Plaintiffs cell phones' battery power.

44. Each and every call placed without express consent by Defendant to Plaintiffs' cell phones resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular phones and their cellular phone services.

45. As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs was also affected in a personal and individualized way by stress, anxiety, mental distress, frustration and aggravation.

46. Further, Plaintiff, Chistopher, suffers from a medical condition, which is aggravated by and made worse by stress. The stress caused by the Defendant's harassing phone calls caused Plaintiff, Christopher, to suffer from elevated high blood pressure.

## COUNT I
### (Violation of the TCPA)

47. Plaintiff, Christopher, fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

48. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

49. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, CHRISTOPHER GRAY, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, BANK OF AMERICA, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the TCPA)

50. Plaintiff, Donna, fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

51. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

52. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, DONNA GRAY, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, BANK OF AMERICA, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jason P. Knight, Esquire
1Turks Head Place #1440
Providence, RI 02903
Tele: (401) 865-6075
Jason.Knight@jasonknightlaw.com
*Attorney for the Plaintiff*

*And*

*/s/ Frank H. Kerney III*
FRANK H. KERNEY III, ESQUIRE
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
FKerney@ForThePeople.com
MBradford@ForThePeople.com
*Application for pro hac to be filed*